UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
-------------------------------------------------------
                                                :
UNITED STATES OF AMERICA                        :
*ex rel.* Harry Barko,                          :         CASE NO. 1:05-CV-01276
                                                :
            Plaintiff,                          :
                                                :
vs.                                             :         OPINION & ORDER (AMENDED)
                                                :         [Resolving Doc. No. 138]
HALLIBURTON COMPANY, *et al*.,                  :
                                                :
            Defendants.                         :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this *qui tam* action, Defendants Kellogg Brown & Root Services, Inc., KBR Technical Services, Inc., Kellogg, Brown & Root Engineering Corporation, Kellogg, Brown & Root International, Inc., and Halliburton Company (collectively, "KBR") move this Court to file Exhibit 3 to their Opposition to Relator's Motion to Compel under seal.

While the Court has discretion to seal filings where appropriate, "the general presumption [is] that court documents are to be available to the public."[1]

The Court's earlier order allowed the parties to designate as "confidential" documents they deem confidential. After reviewing Exhibit 3 and weighing the factors, the Court finds the Defendants' interest does not outweigh the strong presumption in favor of public access to judicial

---

[1] *In re Pepco Employment Litig.*, No. 86–0603, 1992 WL 115611, at *5–7 (D.D.C. May, 8 1992).

Case No. 1:05-CV-01276
Gwin, J.

proceedings.[2] The Court notes Defendants admit that they do not consider the information to be confidential.

Thus, the Court thus **DENIES** the Defendants' motion to file Exhibit 3 to their Opposition to Relator's Motion to Compel under seal.

IT IS SO ORDERED.

Dated: February 21, 2014                                s/        *James S. Gwin*
                                                                        JAMES S. GWIN
                                                                        UNITED STATES DISTRICT JUDGE

---

[2]"These factors include: (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the documents prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced." *See Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277–78 (D.C.Cir.1991).